IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

RONALD LEE CANADA,

    Plaintiff,

  v.

GREGORY D. LEWIS, Warden and R. SHELLABARGER,

    Defendants.

No. C-13-3257 TEH (PR)

ORDER OF DISMISSAL; ORDER DENYING MOTION FOR INJUNCTIVE RELIEF

Doc. No. 6

    Plaintiff Ronald Lee Canada, an inmate at Pelican Bay State Prison (PBSP), filed a *pro se* civil rights action under 42 U.S.C. § 1983. Plaintiff is granted leave to proceed *in forma pauperis* in a separate order. Plaintiff also moves for injunctive relief for access to the PBSP law library. For the reasons stated below, the Court dismisses the complaint with leave to amend and denies the motion for injunctive relief.

I

    A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail

to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). Pro se pleadings must be liberally construed. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." Id. at 570.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

2

**II**

In his complaint, Plaintiff alleges the following. In February 2008, Plaintiff filed a 602 Appeal against Officer Shellabarger. Plaintiff was sent to another facility because of the 602 appeal. In August 2012, Plaintiff returned to the PBSP Psychiatric Services Unit. In February 2013, Correctional Officer R. Shellabarger came back to work at the PBSP Psychiatric Services Unit. Now, when Officer Shellabarger sees Plaintiff in the PBSP Psychiatric Services Unit, he makes sarcastic remarks to Plaintiff. Plaintiff thinks that Officer Shellabarger wants to harm him in retaliation for filing the 602 appeal in February 2008.

Specifically, Plaintiff alleges that, on June 17, 2013, when he was under escort of other officers, Officer Shellabarger saw Plaintiff and called him bad names. On June 19, 2013, Plaintiff was in the cage in the exercise yard and Officer Shellabarger came to Plaintiff's cage to harass him, calling Plaintiff bad names. When Officer Shellabarger is assigned to escort Plaintiff, Plaintiff refuses to go with him because, based on Officer Shellabarger's previous death threats, racial slurs and harassment, Plaintiff fears Officer Shellabarger will harm him. Plaintiff fears for his life when he is in the presence of Officer Shellabarger.

Based on these allegations, Plaintiff requests the Court to order that Officer Shellabarger must stay 200 feet away from Plaintiff.

**III**

Plaintiff's allegations do not state a claim that is

3

1 actionable under 42 U.S.C. § 1983. Allegations of mere threats are
2 not cognizable under § 1983. <u>Gaut v. Sunn</u>, 810 F.2d 923, 925 (9th
3 Cir. 1987). Verbal harassment and threats, without more, do not
4 rise to the level of a constitutional violation. <u>Rutledge v.</u>
5 <u>Arizona Bd. of Regents</u>, 660 F.2d 1345, 1353 (9th Cir. 1981), <u>aff'd</u>
6 <u>sub nom.</u> <u>Kush v. Rutledge</u>, 460 U.S. 719 (1983); <u>see, e.g.</u>, <u>Keenan v.</u>
7 <u>Hall</u>, 83 F.3d 1083, 1092 (9th Cir. 1996), <u>amended</u> 135 F.3d 1318 (9th
8 Cir. 1998) (disrespectful and assaultive comments by prison guard
9 not enough to implicate 8th Amendment); <u>Oltarzewski v. Ruggiero</u>, 830
10 F.2d 136, 139 (9th Cir. 1987) (directing vulgar language at prisoner
11 does not state constitutional claim); <u>Burton v. Livingston</u>, 791 F.2d
12 97, 99 (8th Cir. 1986) ("mere words, without more, do not invade a
13 federally protected right"). This is so even if the verbal
14 harassment is racially motivated. <u>See</u> <u>Hoptowit v. Ray</u>, 682 F.2d
15 1237, 1252 (9th Cir. 1982) (federal court cannot order guards to
16 refrain from using racial slurs to harass prisoners); <u>Burton</u>, 791
17 F.2d at 101 n.1 (use of racial slurs in prison does not offend
18 Constitution unless coupled with conduct infringing the prisoner's
19 right to security of his person).

20 Officer Shellabarger's alleged harassing and threatening
21 comments, without accompanying threatening conduct, do not rise to
22 the level of a constitutional violation. Therefore, the claim
23 against Officer Shellabarger is dismissed.

24 Plaintiff makes no allegations against Warden Lewis. It
25 is unclear whether Plaintiff even intends to sue Warden Lewis
26 because, although Warden Lewis's name appears in the caption of the
27
28

4

complaint, Plaintiff has not included Warden Lewis in the section listing Defendants on page two of the complaint.

Therefore, Plaintiff's claims against Officer Shellabarger and Warden Lewis are dismissed. Dismissal is with leave to amend for Plaintiff to add allegations, if he truthfully can do so, of the conduct of each Defendant that violated Plaintiff's constitutional rights.

## IV

Plaintiff requests injunctive relief for the Court to order PBSP law library officials to allow Plaintiff access to the law library so that he may litigate this case effectively. Plaintiff's complaint of access to the law library is not before the Court in the instant complaint. This matter first needs to be addressed through the administrative process available to Plaintiff. See Booth v. Churner, 532 U.S. 731, 740-41 (2001); 42 U.S.C. § 1997e(a). In order to exhaust available administrative remedies within the state prison system, a prisoner must proceed through several levels of appeal: (1) informal resolution, (2) formal written appeal on a CDC 602 inmate appeal form, (3) second level appeal to the institution head or designee, and (4) third level appeal to the Director of the California Department of Corrections. Barry v. Ratelle, 985 F. Supp. 1235, 1237 (S.D. Cal. 1997) (citing Cal. Code Regs. tit. 15, § 3084.5). A final decision from the Director's level of review satisfies the exhaustion requirement under § 1997e(a). Id. at 1237-38; Cal. Code Regs. tit. 15, § 3084.7. Courts do not have discretion under § 1997e(a) to excuse

5

exhaustion. <u>Booth</u>, 532 U.S. at 740-41 n.5.

Furthermore, at this stage in the proceedings, all that Plaintiff must do is file an amended complaint alleging the conduct of Defendants that violated Plaintiff's constitutional rights. Legal research is not necessary for Plaintiff to accomplish this. Accordingly, Plaintiff's request for injunctive relief is DENIED.

V

In light of the foregoing, the Court orders as follows:

1. Plaintiff's request for injunctive relief is denied. Doc. #6.

2. Plaintiff's claims against Officer Shellabarger and Warden Lewis are dismissed with leave to amend.

3. If Plaintiff can cure the pleading deficiencies described above, he shall file an AMENDED COMPLAINT within twenty-eight days from the date this order is filed. The amended complaint must include the caption and civil case number used in this order (C 13-3257 TEH (PR)) and the words AMENDED COMPLAINT on the first page. The amended complaint must indicate which specific, named Defendant(s) was involved in the deprivation of Plaintiff's constitutional rights, what each Defendant did, what effect this had on Plaintiff and what right Plaintiff alleges was violated. Plaintiff may not incorporate material from the prior complaint by reference. Failure to file an amended complaint within twenty-eight days and in accordance with this order will result in a finding that further leave to amend would be futile, and this action will be dismissed.

4. Plaintiff is advised that an amended complaint supersedes the original complaint. See <u>Lacey v. Maricopa County</u>, 693 F.3d 896, 928 (9th Cir. 2012) ("For claims dismissed with prejudice and without leave to amend, we will not require that they be repled in a subsequent amended complaint to preserve them for appeal. But for any claims voluntarily dismissed, we will consider those claims to be waived if not repled.").

5. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the Clerk headed "Notice of Change of Address," and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

6. The Clerk of the Court shall send Plaintiff a blank Civil Rights complaint form.

IT IS SO ORDERED.

DATED _08/20/2013_

THELTON E. HENDERSON
United States District Judge

G:\PRO-SE\TEH\CR.13\Canada 13-3257 DWLA Deny Inj.wpd

7